UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **CGI LOGISTICS LLC**<br>*Plaintiff,*<br><br>v.<br><br>**GERARDO MARTINEZ, FAST LOGISTIK USA LLC, AND VGR LOGISTICS LLC**<br>*Defendants*. | § § § § § § § § § | **CIVIL ACTION NO. 5:23-CV-00043** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW**, CGI Logistics LLC, and files this First Amended Complaint against Defendants, Gerardo Martinez, Fast Logistik USA LLC, and VGR Logistics LLC, as surbogee and in support thereof would show the following:

### I.
### PARTIES AND SERVICE

1. Plaintiff, CGI Logistics LLC ("CGI") is a domestic for-profit corporation doing business in the state of Texas.

2. Defendant Fast Logistik USA LLC ("Fast Logistik") is a domestic for-profit corporation doing business in the state of Texas that has made an appearance in this lawsuit.

3. Defendant Gerardo Martinez ("Gerardo") is an individual. Gerardo's counsel agreed to make an appearance on Gerardo's behalf, in writing, in this lawsuit.

4. Defendant VGR Logistics LLC ("VGR Logistics" or "VGR") is a domestic for-profit corporation doing business in the state of Texas that has made an appearance in this lawsuit.

## II.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties because Defendants have numerous contacts with the State of Texas that are both general and specific to the transaction at issue in this case. Defendants transacted business in the State of Texas. The transaction at issue in this case was contracted for in Texas. Defendants have availed themselves of the benefits and obligations of doing business in Texas. Defendants reside in Laredo, Texas.

6. Defendant Fast Logistik purports to operate as a motor carrier in Laredo, Texas and conducts freight brokerage operations in Laredo, Texas.

7. Defendant VGR purports to operate as a freight broker in Laredo, TX and conducts freight brokerage operations in Laredo, Texas.

8. Plaintiff is located in Laredo, Texas.

9. Defendant Fast Logistik removed this case to federal court.

## III.
## FACTS

**A. CGI-Fast Logistik Contract.**

10. Fast Logistik entered into a written contract with CGI and/or CGI's affiliate Cargo Group International Logistics (the "CGI-Fast Logistik Contract"). The CGI-Fast Logistik Contract was signed by Fast Logistik's representative, Gerardo Martinez, on September 2, 2022.

11. The CGI-Fast Logistik Contract stated, "It is prohibited to double broker any load done through CGI."

12. The CGI-Fast Logistik Contract stated that if Fast Logistik double brokered any load, it would result in legal prosecution.

13. "Double brokering" is a transportation industry term that refers to a shipment being

brokered twice.

14. The CGI-Fast Logistik Contract referred to Fast Logistik as "Supplier (Carrier)."

15. The CGI-Fast Logistik Contract stated that "Supplier (Carrier) shall at all times during the term of this Agreement maintain . . . cargo insurance per shipment - $250,000[.]"

**B. The lost shipments.**

16. CGI is a freight broker who brokers shipments to motor carriers for transport. Brokering is the act of arranging for transportation of a shipment.

17. In or around October of 2022, CGI brokered and arranged for Fast Logistik to transport several shipments of cargo for CGI's customer, Colgate, and three shipments of the cargo was lost during transport (the "Cargo").

18. Fast Logistik did not pick-up the Cargo. Fast Logistik did transport the Cargo.

19. Fast Logistik arranged for VGR Logistics to provide transportation services with respect to the Cargo. Fast Logistik hired VGR Logistics to transport and/or broker the Cargo.

20. VGR Logistics purportedly arranged for other parties to transport the cargo. Purportedly, VGR Logistics hired Rone Transportes S.A. de C.V. ("Rone") to transport the Cargo. The carrier engaged by VGR Logistics was not properly vetted, and VGR Logistics negligently hired an inappropriate carrier.

21. Purportedly, the entire 3 shipments of Cargo were lost during transport by Rone.

22. Fast Logistik did not recover the Cargo.

23. VGR Logistics did not recover the Cargo.

**C. Fast Logistik and Gerardo's misrepresentations and fraud.**

24. CGI entered into the CGI-Fast Logistik Contract based on fraudulent representations made by Gerardo. Under the CGI-Fast Logistik Contract, CGI would broker

shipments of cargo to Fast Logistik, and Fast Logistik would transport the shipments. Fast Logistik would also carry cargo insurance to pay for loss or damage to the cargo during transport.

25. Gerardo represented that Fast Logistik would transport shipments as a motor carrier and carry the appropriate insurance. However, Gerardo knew that Fast Logistik was not a licensed motor carrier. Gerardo knew that Fast Logistik would not transport the shipments. Gerardo knew that Fast Logistik did not have and would not procure the agreed upon insurance. Gerardo knew that Fast Logistik could not and would not comply with the parties' contract.

26. Regardless, Gerardo represented and promised that that Fast Logistik would transport the Cargo and carry appropriate insurance. Gerardo's representations were made with knowledge that Fast Logistik did not have proper authority, did not intend to transport the shipments, and did not intend to obtain the appropriate insurance.

27. Fast Logistik did not transport the Cargo, and Fast Logistik did not intend to transport the Cargo. Instead, Fast Logistik intended to double broker the shipments. Fast Logsitik in fact double brokered the Cargo to VGR Logistics.

28. CGI made a claim to Fast Logistik and requested that Fast Logistik have Fast Logistik's insurance pay for the lost cargo. Gerardo then admitted that Fast Logistik did not transport the shipments, and Gerardo admitted that Fast Logistik did not obtain cargo insurance. Gerardo and Fast Logistik then refused to pay for the lost Cargo.

29. The lost shipments resulted in cargo loss damages of approximately $105,989.32. CGI is equitably subrogated to the rights of the cargo owner by involuntary payment of Defendants debt to the cargo owner. CGI was also assigned any rights of its affiliate Cargo Group International Logistics.

## IV.
## FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS
## AGAINST GERARDO AND FAST LOGISTIK

30. CGI incorporates the facts pled above as if fully set forth herein.

31. A corporate officer who knowingly participates in tortious or fraudulent acts may be held individually liable to third persons even though he performed the act as an agent of the corporation. *Kinkler v. Jurica*, 19 S.W. 359, 359 (1892); *Grierson v. Parker Energy Partners*, 737 S.W.2d 375, 377 (Tex.App.—Houston [14th Dist.] 1987, no writ). It is not necessary that the "corporate veil" be pierced in order to impose personal liability, as long as it is shown that the corporate officer knowingly participated in the wrongdoing. *Barclay v. Johnson*, 686 S.W.2d 334, 336 (Tex.App.—Houston [1st Dist.] 1985, no writ); *Permian Petroleum Co. v. Barrow*, 484 S.W.2d 631, 634 (Tex.Civ.App.—El Paso 1972, no writ).

32. Gerardo made material and false representations to CGI. Gerardo made the false representation knowingly or recklessly, and Gerardo intended to induce CGI. CGI relied upon Gerardo's false statements, and CGI was damaged.

33. Gerardo made the statements as a representative of Fast Logistik. Gerardo also made the statements knowingly and intentionally, so Gerardo is liable in his personal capacity.

34. In the alternative, Gerardo made false statements and failed to exercise reasonable care in making the false statements. Plaintiff suffered damages due to justifiable reliance on Gerardo's false statements.

## V.
## MAP-21 VIOLATIONS BY FAST LOGISTIK AND GERARDO

35. CGI incorporates the facts pled above as if fully set forth herein.

36. 49 U.S. Code § 13901 requires Fast Logistik to register with the Federal Motor Carrier Safety Administration as both a motor carrier and broker, since Fast Logistik held itself

out to provide motor carrier services, agreed to provide motor carrier services, and actually acted as a freight broker. Fast Logistik did not have motor carrier nor broker authority, in violation of 49 U.S. Code § 13901 and 49 U.S. Code § 14916.

37. In addition to creating a private right to action under 49 U.S. Code § 14916(c)(2), 49 U.S. Code § 14916(c)(1) creates a civil penalty in an amount not to exceed $10,000 for each violation. Further, 49 U.S. Code § 14916 provides that Fast Logistik's individual officers, directors, and principals are jointly liable.

38. CGI tendered numerous shipments to Fast Logistik, in addition to the lost Cargo. Fast Logistik held themselves out to be a motor carrier and agreed to act as a motor carrier, but Fast Logistik in fact brokered shipments to other transportation companies. Fast Logistik did not have broker authority, and Fast Logistik was prohibited from brokering the shipments under the parties' contract and under law. CGI is unaware of the motor carriers that actually transported the shipments, other transportation service providers involved with the shipments, and whether Fast Logistik paid those motor carriers and transportation service providers in full for their services.

39. CGI is aware that Fast Logistik refused to pay for damage to cargo that Fast Logistik illegally brokered. CGI was damaged from Fast Logistik's illegal brokering, because CGI's freight charges were withheld from the cargo owner.

**VI.**
**TEXAS TRANSPORTATION CODE & CRIMINAL VIOLATIONS**

40. CGI incorporates the facts pled above as if fully set forth herein.

41. Texas Transportation Code Section 646.003(a) states that "A person may not act as a motor transportation broker unless the person provides a bond to the department." Section 646.004(a) states that "A person commits an offense if the person fails to provide the bond required by Section 646.003." Section 646.004(b) further imposes criminal liability for violation. Fast

Logistik acted as a transportation broker but failed to obtain a bond, in violation of the Texas Transportation Code.

42. Fast Logistik also held themselves out to be a motor carrier, but Fast Logistik failed to register and pay the associated fees required under the Texas Transportation Code, Section 643 and the Texas Administrative Code, Section 218, in violation of the Texas Transportation Code.

## VII.
## BREACH OF CONTRACT CLAIM AGAINST FAST LOGISTIK

43. CGI incorporates the facts pled above as if fully set forth herein.

44. CGI and Fast Logistik entered into a contract. CGI performed under the contract or was otherwise excused from performing. Fast Logistik double brokered shipments, failed to transport shipments, and failed to obtain appropriate insurance, among other breaches. Fast Logistik breached the contract, resulting in damages to CGI.

## VIII.
## COMMON LAW LIABILITY AGAINST FAST LOGISTIK

45. CGI incorporates the facts pled above as if fully set forth herein.

46. Fast Logistik held themselves out to be a motor carrier and agreed to transport the Cargo.

47. In Texas, "under the common law, a carrier's liability for damage to cargo is similar to that of an insurer's." *Bujnoch v. Nat'l Oilwell Varco, L.P.*, 542 S.W.3d 2, 7 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Under the general common law rule, a shipper of goods by common carrier makes a prima facie case of carrier liability by showing that the shipment was in good condition when delivered to the carrier at place of origin and in damaged condition when delivered by the carrier at destination. *Mo. P. R. Co. v. Elmore & Stahl*, 368 S.W.2d 99, 101 (Tex. 1963).

7

48. Fast Logistik held itself out to be the motor carrier for the shipments of Cargo. Fast Logistik agreed to transport the Cargo. The Cargo was tendered to Fast Logistik. Fast Logistik owed a duty to transport the Cargo without loss or damage to the Cargo, which was breached. The Cargo was lost, resulting in a total loss.

## IX.
## NEGLIGENCE CLAIM AGAINST VGR LOGISTICS

49. CGI incorporates the facts pled above as if fully set forth herein.

50. VGR Logistics breached its duties, which proximately caused the damages. VGR Logistics' breached duties include, but are not limited to, failing to investigate and vet the motor carrier selected by VGR Logistics, failing to select an appropriate motor carrier, failing to verify that the motor carrier had appropriate insurance, and failing to exercise reasonable care in selecting the motor carrier.

## X.
## DAMAGES

51. Defendants are all liable for damages $105,989.32 for the lost shipments.

52. Defendants Gerardo's and Fast Logistik's breach has made it necessary for Plaintiff to employ the undersigned attorney to file suit. This claim was timely presented to Defendants and remains unpaid. Reasonable and necessary fees for the attorney's services rendered and to be rendered, including fees in the event of an appeal, will be determined at the time of the trial of this matter. Attorney fees are recoverable under Tex. Civ. P. & Rem. Code Section 38.001 and as damages under common law carrier liability.

53. Defendant Fast Logistik is liable for civil penalties under the Texas Transportation Code, and Defendants Gerardo and Fast Logistik are liable for civil penalties under 49 U.S. Code § 14916.

54. Defendants Gerardo and Fast Logistik are also liable for exemplary damages for fraudulent conduct.

## XI.
## NOTICE

55. Plaintiff hereby provides notice that any documents produced or filed in this lawsuit may be used as evidence at trial.

## XII.
## JURY DEMAND

56. Plaintiff requests a trial by jury.

## PRAYER

57. Plaintiff prays that –

   a. Defendants be cited to appear and answer;
   b. Plaintiff be granted judgment against Defendants for damages plead herein;
   c. Plaintiff be granted judgment for prejudgment and post-judgment interest at the highest legal or contractual rate allowed by law;
   d. Plaintiff be granted judgment for its reasonable and necessary attorney's fees, with additional contingent amounts in the event of appellate proceedings, all in sums to be determined at the time of the trial of this matter;
   e. Plaintiff be granted judgment for all costs of court; and
   f. Plaintiff be granted all further relief to which Plaintiff may be entitled, both general and special, and legal and equitable.

THE FUENTES FIRM, P.C.

/s/ *Brian Schrumpf*
BRIAN SCHRUMPF
State Bar No. 24082266
Federal Bar No. 2255383
5507 Louetta Road, Suite A
Spring, Texas 77379
Telephone: (281) 378-7640
brian@fuentesfirm.com
**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of this document has been served in accordance with the Court's CM/ECF system per S. Dist. Tex. Loc. R. LR5.1 on this 4th day of May 2023.

                                                   */s/ Brian Schrumpf*
                                                   BRIAN SCHRUMPF