United States District Court
Southern District of Texas

**ENTERED**

August 23, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CGI LOGISTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-43 |
| | § | |
| GERARDO MARTINEZ, FAST | § | |
| LOGISTIK USA, LLC, AND VGR | § | |
| LOGISTICS, LLC | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATIONS OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendants' Motion to Dismiss for Failure to Join Required Parties, (Dkt. No. 7), and Motion to Dismiss for Forum Non Conveniens, (Dkt. No. 9).[1] The District Court referred the above motions to the undersigned Magistrate Judge for a Report and Recommendations pursuant to 28 U.S.C. § 636(b).

## I. BACKGROUND

### A. Factual Background

On or around September 2, 2022, Plaintiff CGI Logistics, LLC ("Plaintiff CGI") and Fast Logistik USA, LLC ("Fast Logistik") entered into a contract for the transportation of cargo belonging to Colgate Palmolive, S.A. de C.V. ("Colgate Palmolive"). (Dkt. No. 5 at 2). The contract was signed by Fast Logistik's

---

[1] Defendants' Motion to Dismiss for Forum Non Convenience (Dkt. No. 8) and Defendants' Motion to Dismiss for Forum Non Conveniens (Dkt. No. 9) appear identical except for some grammatical amendments. Thus, the Undersigned will discuss and cite to the latter motion.

representative, Gerardo Martinez. (*Id.*). Under the CGI-Fast Logistik contract, Plaintiff CGI would broker shipments of cargo to Fast Logistik, and Fast Logistik would transport the cargo. (*Id.* at 3). Fast Logistik was required to carry insurance to pay for any loss or damage to the cargo during the transportation, and Fast Logistik was prohibited from "double brokering." (*Id.*).

In or around October of 2022, CGI tendered several shipments to Fast Logistik. (*Id.*). Three shipments were lost (the "Lost Cargo"). (*Id.*). Plaintiff CGI made a claim to Fast Logistik and requested that Fast Logistik have their insurance pay for the lost cargo. (*Id.* at 4). Martinez admitted that Fast Logistik did not transport the shipments and that Fast Logistik did not obtain the required insurance. (*Id.*). Martinez knew that Fast Logistik was not a licensed motor carrier; Fast Logistik would not transport the shipments; and Fast Logistik did not have and would not procure the agreed upon insurance. (*Id.*). Instead, Fast Logistik brokered the shipments to VGR Logistics. (*Id.*). VGR Logistics then selected another motor carrier, Rone Transportes, S.A. de C.V. ("Rone Transportes"). (*Id.* at 8; Dkt. No. 1-1 at 4). Fast Logistik and Martinez refused to pay for the lost cargo. (*Id.*). The lost shipments resulted in cargo loss damages of approximately $105,989.32. (*Id.*). Plaintiff CGI is equitably subrogated to the rights of Colgate Palmolive by the involuntary payment of Defendants' debt to the cargo owner, and Plaintiff CGI was also assigned any rights of its affiliate, Cargo Group International Logistiks ("CGI Parent"). (*Id.*).

### B. Procedural History

On February 8, 2023, Plaintiff CGI filed an Original Complaint in the 111th District Court in Webb County, Texas against Martinez, Fast Logistik, and VGR (collectively referred to as "Defendants"). (Dkt. No. 1-1). Plaintiff CGI alleges that Martinez and Fast Logistik engaged in unlawful brokerage activity in violation of 49 U.S.C. §§ 13901 and 14916, and Texas Transportation Code Sections 646.003 and 646.004. (*Id.*). Additionally, Plaintiff CGI asserts breach of contract and common law liability against Fast Logistik, and negligence against VGR. (*Id.*). Fast Logistik was served with the lawsuit on April 20, 2023, and timely filed a Notice of Removal on April 26, 2023, on the basis of federal question subject matter jurisdiction. (Dkt. No. 1 at 1). Martinez and VGR each filed a Notice of Consent to Removal on April 27, 2023, and April 28, 2023, respectively. (Dkt. Nos. 2, 3, 4).

On May 4, 2023, Plaintiff CGI filed its First Amended Complaint. (Dkt. No. 5).

On May 11, 2023, Defendants filed the instant Motion to Dismiss for Failure to Join Required Parties, (Dkt. No. 7), and Motion to Dismiss for Forum Non Conveniens, (Dkt. No. 9). CGI filed a response to each motion on May 31, 2023. (Dkt. Nos. 18, 19).

## II. LEGAL STANDARD

### A. Dismissal Under 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) permits a party to move for dismissal on the grounds that the plaintiff failed to join a party under Federal Rule of Civil Procedure 19. Fed. Civ. P. R. 12(b)(7). Rule 19 "provides for the joinder of all parties

3

whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *Mora v. Lowe's Companies, Inc.*, No. 5:19-CV-107, 2020 WL 13441544, at *1 (S.D. Tex. Oct. 4, 2020) (quoting *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003)). Rule 19 "further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *Ameriprise Fin., Inc. v. Bailey*, 3:12-CV-04290-P, 2013 WL 1947475, at *2 (N.D. Tex. May 13, 2013) (quoting *Wingate*, 327 F.3d at 438)).

Under Rule 19(a)(1), there are three ways a party may be required to be joined, if feasible:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating the subject matter of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligation because of the interest.

Fed. R. Civ. P. 19(a)(1); *see also Premium Plastics v. Seattle Specialty Ins. Services, Inc.*, 2012 WL 1029528 (S.D. Tex. Mar. 26, 2012). The party moving for joinder has the initial burden of demonstrating that an absent party is required, and if "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood ex. Rel Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

In determining whether the joinder of a party is required under Rule 19, the Court must apply a two-step inquiry. *Id*. First, the court determines whether an

absent party should be joined under the requirements of Rule 19(a)(1). *Id.* If the court determines that an absent party should be joined but cannot be joined, the court turns to Rule 19(b) to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 633. "In its joinder analysis, the court accepts the allegations in the complaint as true." *Broadcast Music, Inc. v. Armstrong*, No. EP-13-CV-0032-KC, 2013 WL 3874082 (W.D. Tex. July 24, 2013) (citing *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, H-11-CV-1846, 2012 WL 1038658, at *2 (S.D. Tex. Mar. 27, 2012).

### B. Forum Non Conveniens

The doctrine of *forum non conveniens* allows courts to decline jurisdiction "presuppos[ing] at least two forums in which the defendant is amenable to process" and provides the criteria to choose between the two forums. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07, 67 S. Ct. 839 (1947). When performing the *forum non conveniens* factor-based analysis, the "ultimate inquiry" for the court is to determine "where trial will best serve the convenience of the parties and the ends of justice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 251–252, 102 S. Ct. 252 (1981); *Koster*, 330 U.S. at 527. Only in "rather rare cases" should the doctrine be applied. *Gilbert*, 330 U.S. at 509; *Quackenbush* v. *Allstate Ins. Co.*, 517 U.S. 706, 722, 116 S. Ct. 1712 (1996).

### III. DISCUSSION

**A. Defendants' Motion to Dismiss Under 12(b)(7)**

Defendants move to dismiss Plaintiff CGI's First Amended Complaint under Rule 12(b)(7). (Dkt. No. 7). This challenge is based on the premise that joinder of Colgate Palmolive, CGI Parent, and Rone Transportes is required. (*See id.* at 2). As discussed in the paragraphs below, Defendants fail to meet their burden to show that the joinder of Colgate Palmolive, CGI Parent, and Rone Transportes is required under Rule 19(a)(1).

### 1. Rone Transportes

Defendants argue that Rone Transportes is required under Rule 19(a)(1)(A). To support this assertion, Defendants argue that Rone Transportes is the party that "actually took the cargo from Colgate Palmolive, S.A. de C.V., and allegedly did not deliver the same as supposed to." (*See* Dkt. No. 9 at 2). The Undersigned disagrees.

Rule 19(a)(1)(A) mandates joinder of a person if, in that person's absence, the court cannot accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). "The rule stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or hallow rather than complete relief to the parties before the court." *Canal Ins. Co. V. X-men Transport LLC*, No. EP-13-CV-156-KC, 2013 WL 5740223 (W.D. Tex. Oct. 22, 2013) (citing *Cardinal Health Solutions, Inc. v. Valley Baptist Med. Ctr.*, 1:07-CV-00111, 2008 WL 5191934, at *3 (S.D. Tex. Dec. 8, 2008)).  The term complete relief refers "only to the relief between persons already parties, and not as between a party and the absent person whose joinder is sought."

*StoneCoat of Texas, LLC v. ProCal Stone Design, LLC,* No. 4:17-CV-00303, 2019 WL 9899507, at 9* (E.D. Tex. Mar. 27, 2019) (citation omitted).

Here, Plaintiff CGI is seeking damages for the value of the Lost Cargo. Defendants removed this action to this Court, asserting that this action arises under federal law because Plaintiff CGI alleges Fast Logistik violated Title 49, United States Code, Section 14916. (*See* Dkt. No. 1-1). Because liability under Section 14916 applies jointly and severally, if Fast Logistik and Martinez are found liable, Plaintiff CGI will be able to recover the full amount of damages from Fast Logistik and Martinez. *See* 49 U.S.C. § 14916(d) (liability under Section 14916 applies "jointly and severally to any corporate entity or partnership involved, and to the individual officers, directors, and principals or such entities."). Assuming Rone Transportes was involved in the unlawful brokering of the Lost Cargo, Rone Transportes liability would also apply jointly and severally with Fast Logistik and Martinez. However, it is well established that Rule 19 does not require the joinder of joint tortfeasors. *Nottingham Ge. Am. Commc'nc Corp.*, 811 F.2d 873, 880 (5th Cir. 1987). Thus, Rone Transportes need not be joined simply because it may have been involved in the unlawful brokering of the Lost Cargo.

Accordingly, Defendants fail to show that, in Rone Transportes' absence, the Court cannot accord complete relief among the existing parties.

### 2. Colgate Palmolive and CGI Parent

Defendants do argue that Colgate Palmolive and CGI Parent are required under Rule 19(a)(1)(A). Instead, Defendants argue that Colgate Palmolive and CGI

Parent are required under Rule 19(a)(1)(B). For the reasons below, the Undersigned disagrees.

First, Defendants fail to identify the nature of the unprotected interest belonging to Colgate Palmolive and CGI Parent in this case. "Rule 19(a)(1)(B) is applicable only when the absent party's interest in the subject matter of the underlying action is of such a direct and immediate character that the absent party will either gain or lose by the direct legal operation and effect of the judgment." *Zapata v. Hays Cty. Juvenile Detention Center*, No. 1:21-CV-00562, 2022 WL 1571009 (W.D. Tex. May 18, 2022).

With respect to Colgate Palmolive, Defendants argue that Colgate Palmolive is the true owner of the Lost Cargo. However, Rule 19(a)(1)(B) concerns the interest in the subject matter of the underlying action. While the interest in the subject matter of this action is the recovery of the value of the Lost Cargo, Plaintiff CGI plausibly alleges it became subrogated to the rights of Colgate Palmolive because it involuntarily paid Colgate Palmolive for debt which belonged to Fast Logistik and Martinez. *See Lyndon Prop. Ins. Co. v. Duke Levy & Assocs., LLC*, 475 F.3d 268, 270 (5th Cir. 2007) (subrogation requires, "(1) the party to have paid a debt to a third party on behalf of the other party and (2) that he must have been compelled to do so, such as by a surety agreement."). Defendants' do not offer any evidence to contradict this assertion. Nor do Defendants cite to any authority indicating that a subrogor is a necessary party. Thus, Defendants do not clearly articulate the interest Colgate Palmolive retains in this action as a subrogor.

With respect to CGI Parent, Plaintiff's First Amended Complaint asserts that Plaintiff CGI was assigned any rights owned by its affiliate, CGI Parent. Defendants do not provide any evidence to contradict this assertion. Nor do Defendants provide any evidence to show that, even as an assignor, CGI Parent retained some right or interest in this lawsuit. *See Advanced Nano Coatings, Inc. v. Hanafin*, 478 F. App's 838, 843 (5th Cir. 2012) ("Under Texas law, once a cause of action has been assigned to another person, the assignor is precluded from bringing suit 'unless the assignor has retained some right or interest therein.'"). Absent such evidence, Defendants do not show that CGI Parent retains an interest in this action as an assignor.

Additionally, Defendants provide no evidence that Colgate Palmolive and CGI Parent seek joinder in this case. The fact that an absent party does not seek joinder by its own volition indicates that it lacks an interest relating to the subject matter of the action. *See Inmobiliaria Axial, S.A. de C.v. v. Robles Int'l Servs., Inc.*, EP-07-CA-00269KC, 2007 WL 2973483, at *4 (W.D. Tex. Oct. 11, 2007) (weighing the fact that the absent party did not seek to join the action and that only the existing defendant advocated joinder against the claim that the absent party had an interest in the action); *Grand Acadian, Inc. v. Flour Corp.*, 2:07 CV, 295, 2008 WL 408874, at *2–3 (W.D. La. Feb. 12, 2008) ("It is apparent that the [absent party] is not a necessary party . . . because [it] has not asserts its interest.").

Second, Defendants do not adequately explain how proceeding without Colgate Palmolive and CGI Parent will leave Defendants subject to a substantial risk of incurring multiple or inconsistent obligations. Defendants appear to argue that even

though Plaintiff CGI alleges to be *equitably subrogated* to the rights of Colgate Palmolive while being assigned the rights of CGI Parent, Defendants would still be subject to claims by Colgate Palmolive. Without further explanation on how Defendants reach this conclusion, the Undersigned declines to speculate how proceeding without Colgate Palmolive and CGI Parent will leave Defendants subject to a substantial risk of incurring multiple or inconsistent obligations.

Accordingly, Defendants fail to meet their burden to show that Colgate Palmolive, CGI Parent, and Rone Transportes are required under Rule 19(a). Because Defendants did not meet their burden, the Undersigned does not turn to Rule 19(b). *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990) (stating that if joinder is not required under Rule 19(a), then "no inquiry under Rule 19(b) is required.").

**B. Defendants' Motion to Dismiss for Forum Non Conveniens**

Defendants move to dismiss Plaintiff CGI's First Amended Complaint on the basis of *forum non conveniens.* (Dkt. No. 9). As discussed in the paragraphs below, Defendants fail to meet their burden of proof for a dismissal based on *forum non conveniens.*

In *Piper*, the Supreme Court set forth the modern *forum non conveniens* inquiry. First, a court must first assess whether an alternative forum exists that is both adequate and available. *In re Air Crash Disaster Near New Orleans, La. on Jul 9, 1982 v. Pan Am. World Airways, Inc.*, 821 F.2d 1147, 1165 (5th Cir. 1987). Only if this threshold question is answered affirmatively can the court proceed. *Id.* Next, the court should analyze the private interest factors weighing in favor of and against

dismissal. *Id.* If the private factors do not weigh in favor of dismissal, only then must a court consider the public interest factors. *Id.* Plaintiffs who have a choice of forum cannot resort to a strategy of forcing their adversary to defend suit where it is highly inconvenient. *Id.* If the choice of forum is "out of all proportion to plaintiff's convenience" or if it affects the court's administrative or legal process, the court may exercise its discretion to dismiss the case. *Piper*, 454 U.S. at 241. Defendants have the burden to prove dismissal is warranted, and its burden of persuasion "runs to all elements" of the analysis. *In re Air Crash Disaster*, 821 F.2d at 1164.

### 1. Adequate and Available Alternate Forum

The threshold inquiry that must be answered before the private and public interest factors come into play is whether an adequate and available alternative forum exists. *Gilbert*, 330 U.S. at 507 (forum non conveniens inquiries presuppose at least two forums); *see also In re Air Crash*, 821 F.2d at 1165 (once the determination that an adequate and alternative forum exists has been made, the private and public interest factors may then be balanced); *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1991) (same). Determining whether Mexico is a viable alternative forum is a "two-part inquiry: availability and adequacy." *In re Air Crash Disaster*, 821 F.2d at 1165. A foreign forum is available when "the entire case and all parties can come within the jurisdiction of that forum" and is adequate when "the parties will not be deprived of all remedies or treated unfairly" even though the same benefits may not be enjoyed. *Id.*; *Alpine View Co. v. Atlas Copco*, 205 F.3d 208, 221 (5th Cir. 2000).

*(a) Available*

Defendants argue that an alternative forum is available because they are amenable to process in a Mexican forum. (*See* Dkt. No. 9 at 2–3). Plaintiff CGI argues in response that it is not amenable to jurisdiction in Mexico "as to Defendants' counter-claims." (*See* Dkt. No. 19). However, the instant motion concerns Plaintiff CGI's claims, not Defendants' counterclaims. Additionally, Plaintiff CGI's refusal to litigate in the foreign forum as to its own claims does not make the forum unavailable. *See Morales v. Ford Motor Co.*, 313 F.Supp.2d 672, 676 (S.D. Tex. 2004) (only the availability of the forum, and not plaintiffs' willingness to avail themselves of the forum is relevant to the forum non-conveniens inquiry). Therefore, a forum is available in Mexico. *See Piper Aircraft Co.*, 454 U.S. at 254 n.22 ("At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum. Ordinarily this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction."); *Gonzalez v. Chrysler*, 301 F.3d 377, 380 n.3 (5th Cir. 2002) ("It is undisputed that Mexico is an amenable forum because the defendants have agreed to submit to the jurisdiction of the Mexican courts.").

*(b) Adequate*

Defendants argue that the forum is adequate because the parties will not be deprived of all remedies or be treated unfairly as Mexico's transportation law provides adequate remedies for lost or stolen cargo under Title Ten of the Mexican Federal Commerce Code, and the applicable Mexican Federal Civil Code provides

adequate remedies for breach of contract in connection with contracts related to transportation. (*See* Dkt. No. 9 at 3). Plaintiff CGI argues in response that (1) Plaintiff CGI's recovery in Mexico will be limited; and (2) Defendants have not provided sufficient evidence to show that Mexico is an adequate forum for Plaintiff CGI's claims of breach of contract, common law cargo loss, and violations of federal and state laws and regulations. (*See* Dkt. No. 19 at 8–9).

With respect to Plaintiff CGI's first argument, as long as Plaintiff CGI is not deprived of any remedy or treated unfairly, the comparable amount of recovery is not a factor to be addressed by the Court. *See Torreblanca de Aguilar v. Boeing Co.*, 806 F.Supp. 139, 143 (E.D. Tex. 1992), aff'd, 11 F.3d 55 (5th Cir. 1993) ("[T]he comparable amount of recovery obtainable in the alternative [forum] has never been considered a factor relevant to the *forum non conveniens* inquiry.").

With respect to Plaintiff CGI's second argument, Defendants include a Declaration signed by Martinez. (*See* Dkt. No. 9 at 7). In it, Martinez declares "under penalty of perjury" that the statements made in the motion, presumably those regarding the availability and adequacy of a forum in Mexico, "are true and correct." (*Id.*). Martinez is a resident of Mexico and a representative of Fast Logistik, a company engaged in the cargo transportation industry. (*See* Dkt. No. 5). While Plaintiff CGI argues that the affidavit is not signed by an expert and only contains one sentence, (*see* Dkt. No. 19 at 8–9), the Fifth Circuit only requires that the defendant "put forth unequivocal, substantiated evidence presented by affidavit testimony in order for the district court to satisfy the [*Gulf Oil Corp.*] standard." *Air*

*Crash*, 821 F.2d 1164–65. The Fifth Circuit does not require that a defendant "submit overly detailed affidavits to carry its burden." *Id.* Additionally, "a deference in substantive law governing the action should not be given conclusive or even substantial weight in the forum non conveniens inquiry." *Stefanets v. M/V Kalamas*, No. 4:19-CV-4352, 2021 WL 8945670, at *2 (S.D. Tex. May 21, 2021) (citing *Syndicate 420 at Lloyd's v. Early Am. Ins. Co.*, 796 F.2d 821, 829(5th Cir. 1986)). "The substantive law of the foreign forum is presumed to be adequate unless the plaintiff makes some showing to the contrary, or unless conditions in the foreign forum made known to the court, plainly demonstrate that the plaintiff is highly unlikely to obtain basic justice there." *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 796 (5th Cir. 2007). There is no indication that Plaintiff CGI is highly unlikely to obtain basic justice in Mexico.

Therefore, Defendants show that Mexico provides an available and adequate forum.

### 2.  Private Interest Factors

Assuming an adequate and available forum exists, the court must next balance the private interests of the parties. The important considerations are:

1) Relative ease of access to sources of proof;

2) Availability of compulsory process for attendance of unwilling witnesses;

3) Cost of obtaining attendance of willing witnesses;

4)  Possibility of a view of the premises, if appropriate;[2] and

5)  Other practical problems of conducting trial including ease and expense

    (e.g., enforceability of a judgment).

*Gilbert*, 330 U.S. at 508. Nonetheless, unless the balance of factors strongly favors

dismissal, "the plaintiff's choice of forum should rarely be disturbed" by the court.

*Gilbert*, 330 U.S. at 508; *see also Koster*, 330 U.S. at 524; *Piper*, 454 U.S. at 255.

### (a) Ease of Access of Proof

Defendant argues that this factor weighs in favor of dismissal because Mexico

is (1) where the Lost Cargo originated and went missing, and (2) where the real

parties in interest and witnesses are located in Mexico. (*See* Dkt. No. 9 at 3).

Although Mexico provides a significant connection as the location where the

Lost Cargo originated and went missing, location alone is not enough. *See Dickinson*

*Marine*, 179 F.3d at 343 (stating the court does not focus solely on the location of the

capsizing incident to determine the most convenient location). Plaintiff CGI points

out that other than documents pertaining to the value of the Lost Cargo—already

produced to Defendants—there does not appear to be any documentary evidence

regarding the Lost Cargo. (*See* Dkt. No. 19 at 10). Thus, the lack of documentary

evidence in Mexico weighs in favor of the Southern District of Texas as the

appropriate forum. *Webster*, 1999 WL 20840, at *4 (because no showing was made

---

[2] This factor is not discussed in Defendants' motion. (*See* Dkt. No. 9). Additionally, Plaintiff CGI points out in its Response that there is no cargo nor accident site to inspect. (*See* Dkt. No. 19 at 10). Therefore, the Undersigned does not consider this factor in its analysis.

that the documentary evidence was voluminous, that fact favored litigating in the local forum).

Defendants' assertion that the real parties in interest are located in Mexico is conclusory. Additionally, Defendants do not provide the Court with an understanding of which witnesses it considers necessary for particular issues of fact or law. *Webster*, 1999 WL 20840, at *3. While it can be reasonably inferred that Martinez may be a material witness in this case, Plaintiff CGI points out that Martinez "offices, serves as a registered agent, and conducts business in Laredo, Texas." (*See* Dkt. No. 19 at 10). Because it is Defendants' burden on this motion, the deficiency of Defendants' argument weighs against dismissal.

> *(b)  Availability of Compulsory Process for Attendance of Unwilling Witnesses and Costs of Obtaining Appearance of Willing Witnesses*

Although a detailed witness list is not required, the defendant must provide enough information to "enable the District Court to balance the parties' interests." *Piper,* 454 U.S. at 258. Defendants have not provided enough information about the witnesses they would call to testify, whether the trial was in Mexico or in the Southern District of Texas. *See Alpine View*, 205 F.3d at 222 (party challenging dismissal did not identify one individual from whom it would take depositions); *Webster*, 1999 WL 20840 at *5. Therefore, this factor weighs in favor of dismissal.

> *(c) Other Practical Problems*

Defendants argue trial of this action will be more efficient and less expensive at the place where the Lost Cargo originated and went missing. Defendants provide

no explanation for this assertion. Instead, Defendants go on to argue that a judgment obtained in Mexico will be more easily enforceable because Martinez and Rone Transportes reside in Mexico. However, Rone Transportes is not a party to this lawsuit. A judgment in this case would hold Martinez *and* Fast Logistik jointly and severally liable. *See* 49 U.S.C. 14916(d). Meaning that if Martinez and Fast Logistik are found liable, Plaintiff CGI is not restricted to recovering the full value of damages from Martinez. Plaintiff CGI would be allowed to recover the full value of damages from Fast Logistik. Therefore, this factor weighs against dismissal.

Accordingly, the balance of private interest factors weighs against dismissal.

### 3.  Public Interest Factors

When the private factors weigh against dismissal, the trial court may still dismiss a case where it finds that "retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute or that foreign law will predominate if jurisdiction is retained." *In re Air Crash*, 821 F.2d at 1165 (internal quotation marks omitted). Specifically, the public interest factors to be considered include:

1)  Whether trial imposes administrative difficulties, (e.g., court congestion);

2)  Whether the burden of jury duty is imposed on a community with no relation to the litigation or view of the incident;

3)  Whether trial furthers the local interest in having localized controversies decided at home;

4) Whether the diversity case will be tried in the forum at home with the governing state law;

5) Accounting for the need to avoid complex foreign law and conflicts of law analyses.

*Gilbert*, 330 U.S. at 508–09. When considering the public interest factors, the central question a court must answer is whether a general nexus exists with the forum "sufficient to justify the forum's commitment of time and resources." *Seguros Comercial Americas S.A. De C.V. v. Am. President Lines, Ltd.*, 933 F. Supp. 1301, 1313 (S.D. Tex. 1996).

### (a) Burdening the Jury and Other Administrative Concerns

Defendants argue that the Southern District of Texas is known for its congested docket, and "[l]itigating the case in the United States would force U.S. citizens to serve on the jury even though the United States has no relation to the litigation" because "this case deals with Mexican cargo allegedly lost in Mexico to a Mexican company, through a Mexican Carrier." (Dkt. No. 9 at 4). Plaintiff CGI responds that Texas jurors should adjudicate a contract dispute between Texas companies. (*See* Dkt. No. 19 at 13).

This action involves at least three domestic companies that conduct business in Texas, and one Mexican resident.[3] (*See* Dkt. No. 1-1 at 1, Dkt. No. 5 at 1).

---

[3] Federal courts have treated motion for *forum non conveniens* dismissals differently depending on whether a United States plaintiff is suing in his own right or suing as an assignee, subrogee, or representative of a foreign company. *Tjontveit v. Den Norske Bank ASA*, 997 F. Supp. 799, 804–05 (S.D. Tex. Mar. 2, 1998). However, at this stage of the proceedings, it appears that Plaintiff CGI is suing in his own right, as assignee of CGI Parent, and as a subrogee to Colgate Palmolive. (*See* Dkt.

18

Therefore, there is more than a limited nexus to the Southern District of Texas. *See Seguros*, 933 F. Supp. at 1314 (United States citizens should not be forced to wait behind causes brought by foreign plaintiffs). Additionally, because this action involves only four parties, it will not "absorb [any] more of this court's time than [would] other cases." *See Zermeno v. McDonnell Douglas Corp.*, 246 F. Supp.2d 646, 662 (S.D. Tex. Feb. 18, 2003) (comparing the circumstances to another cited cases involving 100 foreign plaintiffs). Therefore, this factor weighs against dismissal.

### (b) Local Controversy

There is a "local interest in having localized controversies decided at home." *Gilbert*, 330 U.S. at 509. As discussed above, both the Southern District of Texas and Mexico have an interest in the case by virtue of the citizenship of the parties. Therefore, this factor is neutral.

### (c) Governing Law and the Need to Avoid Complex Foreign Law

Defendants assert that Mexican law governs and a court familiar with Mexico's law should govern. (*See* Dkt. No. 9 at 5). While it appears that Defendants argue Mexican law governs because the Lost Cargo was to be transported to Nuevo Laredo, Mexico, Defendants do not offer any evidence to contradict Plaintiff CGI's allegation that the Lost Cargo was to be transported to Laredo, Texas. (*See id.* at 1, 4–5, 9). Nor do Defendants provide any other explanation to support their assertion. (*See id.*). Thus, this factor weighs against dismissal.

---

No. 19 at 10) ("CGI Logistics brings this claim as subrogee"); (*see also* Dkt. No. 5 at 1, 7) (alleging "Fast Logistik entered into a written contract with CGI and/or CGI's affiliate" and asserting a breach of contract claim).

Accordingly, the balance of public interest factors weighs against dismissal.

## IV. RECOMMENDATIONS

The Undersigned **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Defendants' Motion to Dismiss for Failure to Join Required Parties. (Dkt. No. 7).

The Undersigned further **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Defendants' Motion to Dismiss for Forum Non Conveniens. (Dkt. No. 9).

## <u>Warnings</u>

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C) (2006); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).

SIGNED this 23rd day of August, 2023.

CHRISTOPHER DOS SANTOS
UNITED STATES MAGISTRATE JUDGE