United States District Court
Southern District of Texas
**ENTERED**
September 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CGI LOGISTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-43 |
| | § | |
| GERARDO MARTINEZ, FAST | § | |
| LOGISTIK USA, LLC, AND VGR | § | |
| LOGISTICS, LLC | § | |
| | § | |
| Defendants | § | |

## <u>AMENDED REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE</u>

Before the Court are Defendants' Motion to Dismiss for Failure to Join Required Parties, (Dkt. No. 7), and Motion to Dismiss for Forum Non Conveniens, (Dkt. No. 9).[1] The District Court referred the above motions to the undersigned Magistrate Judge for a Report and Recommendations pursuant to 28 U.S.C. § 636(b).

## I. BACKGROUND

### A. The Complaint

On February 8, 2023, Plaintiff CGI Logistics, LLC ("Plaintiff CGI") filed an Original Complaint in the 111th District Court in Webb County, Texas against Gerardo Martinez, Fast Logistik USA, LLC, and VGR Logistics, LLC (collectively referred to as "Defendants"), asserting claims of fraud and negligent

---

[1] Defendants' Motion to Dismiss for Forum Non Convenience (Dkt. No. 8) and Defendants' Motion to Dismiss for Forum Non Conveniens (Dkt. No. 9) appear identical except for some grammatical amendments. Thus, the Undersigned will discuss and cite to the latter motion.

misrepresentation, unlawful brokerage activity, breach of contract, common law liability, and negligence. (Dkt. No. 1-1). On April 20, 2023, Fast Logistik USA, LLC ("Fast Logistik") was served with the lawsuit. (Dkt. No. 1 at 1). On April 26, 2023, Fast Logistik timely filed a Notice of Removal, asserting federal question subject matter jurisdiction. (*Id.*). Martinez and VGR Logistics, LLC ("VGR") each filed a Notice of Consent to Removal on April 27, 2023, and April 28, 2023, respectively. (Dkt. Nos. 2, 3, 4).

On May 4, 2023, Plaintiff CGI filed its First Amended Complaint. (Dkt. No. 5). In the First Amended Complaint, Plaintiff CGI alleges that on September 2, 2022, Plaintiff CGI and/or its affiliate Cargo Group International Logistics ("CGI Parent") and Fast Logistik entered into a contract (the "CGI-Fast Logistik Contract") for the transportation of several shipments of cargo. (*Id.* at 2). The CGI-Fast Logistik Contract was signed by Fast Logistik's representative, Martinez. (*Id.*). Under the CGI-Fast Logistik Contract, Plaintiff CGI would broker shipments of cargo to Fast Logistik, and Fast Logistik would transport the cargo. (*Id.* at 3–4). Fast Logistik was required to obtain insurance to pay for any loss or damage to the cargo during the transportation, and Fast Logistik was prohibited from "double brokering." (*Id.* at 2–4).

In or around October of 2022, Plaintiff CGI brokered and arranged for Fast Logistik to transport several shipments of cargo for Plaintiff CGI's customer, Colgate. (*Id.* at 3). Three shipments of the cargo were lost during transport (the "Lost Cargo"). (*Id.*). Plaintiff CGI made a claim to Fast Logistik and requested that Fast Logistik

have their insurance pay for the Lost Cargo. (*Id.* at 4). Martinez then admitted that Fast Logistik did not transport the shipments and that Fast Logistik did not obtain cargo insurance. (*Id.*). Martinez knew that Fast Logistik was not a licensed motor carrier; Fast Logistik would not transport the shipments; and Fast Logistik did not have and would not procure the agreed upon insurance. (*Id.*). Instead, Fast Logistik brokered the shipments to VGR, and VGR then arranged for another motor carrier to transport the cargo. (*Id.* at 3). VGR purportedly hired Rone Transportes, S.A. de C.V. ("Rone Transportes"), to transport the Lost Cargo. (*Id.*).

Fast Logistik and Martinez refused to pay for the lost cargo. (*Id.* at 4). The lost shipments resulted in cargo loss damages of approximately $105,989.32. (*Id.*). Plaintiff CGI is equitably subrogated to the rights of the cargo owner by involuntary payment of Defendants' debt to the cargo owner, and Plaintiff CGI was also assigned any rights of CGI Parent.[2] (*Id.*). Plaintiff CGI seeks to hold Defendants liable for cargo loss damages, and Fast Logistik and Martinez liable for attorney's fees and civil penalties. (*Id.* at 8).

### B. The Instant Motions

On May 11, 2023, Defendants filed the instant Motion to Dismiss for Failure to Join Required Parties, and Motion to Dismiss for Forum Non Conveniens, to which Plaintiff CGI filed a response. (Dkt. Nos. 7, 9, 18, 19).

---

[2] In the First Amended Complaint, Plaintiff CGI does not state the name of the "cargo owner." However, Defendants' Motion to Dismiss for Failure to Join Required Parties refers to Colgate Palmolive, S.A. de C.V., as the "true and only owner of the allegedly lost cargo." (Dkt. No. 7 at 2). Plaintiff CGI does not dispute this in its response. (*See* Dkt. No. 18 at 6) ("Colgate-Palmolive *was* the cargo owner, and Plaintiff is equitably subrogated for the cargo loss damages. Defendants wholly ignore Plaintiff's equitable subrogation of cargo loss damages due to the cargo owner withholding money owed.").

In the Motion to Dismiss for Failure to Join Required Parties, Defendants argue that Plaintiff CGI sued Defendants for claims that belong to Colgate Palmolive and CGI's parent/affiliate. (Dkt. No. 7 at 1). Defendants further argue that Plaintiff CGI failed to join Rone Transportes, the party that actually took the cargo from Colgate Palmolive. (*Id.* at 2). Plaintiff CGI argues in response that Colgate Palmolive, as a subrogor, CGI Parent, as an assignor, and Rone Transportes, as a joint tortfeasor, are not required parties in this lawsuit. (Dkt. No. 18 at 4–7). Plaintiff CGI further argues that even if they were required, the Court should not dismiss the lawsuit because Defendants have not shown that they cannot be joined. (*Id.* at 7–9).

In the Motion to Dismiss for Forum Non Conveniens, Defendants argue that Mexico is a more appropriate forum to resolve this lawsuit. (*See* Dkt. No. 9). Defendants state that Plaintiff CGI hired Fast Logistik to obtain transportation of three trailers with Colgate Palmolive's cargo from San Jose Iturbide, Mexico, to Nuevo Laredo, Mexico. (*Id.* at 1). Then, through VGR, Fast Logistik obtained the services of Rone Transportes to transport the cargo. (*Id.* at 2). Rone Transportes picked up the cargo at Colgate Palmolive's premises in San Jose Iturbide, Mexico. (*Id.*). Contact was lost that same day while the units were in Matehuala, Mexico, and the cargo was not received in Nuevo Laredo. (*Id.*). Defendants are unaware if Colgate-Palmolive ever recovered the cargo. (*Id.*). Attached to the motion is a "Declaration Under Penalty of Perjury" signed by Gerardo Martinez, stating, "I declare under the penalty of perjury that the foregoing is true and correct." (*Id.* at 7).

In response to the motion, Plaintiff CGI argues that Defendants have not met their burden to show that Mexico is a more appropriate forum for this lawsuit. (Dkt. No. 19). Attached to the response are several exhibits, to include: Affidavit of Kassandra Galvan (Exhibit 1), Broker-Carrier Agreement (Exhibit 1A), Colgate Palmolive (Exhibit 1B), Certificate of Formation of CGI Logistics LLC (Exhibit 2), Certificate of Formation of Fast Logistik (Exhibit 3), 2022 Public Information Report of Fast Logistik (Exhibit 4), Affidavit of Process Server (Exhibit 5), Certificate of Formation of VGR Logistics (Exhibit 6), Attorney Letter dated November 9, 2022 (Exhibit 7), Attorney Letter dated April 28, 2023 (Exhibit 8), Fast Logistik Invoices (Exhibit 9).

## II. LEGAL STANDARD

### A. Dismissal Under 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) permits a party to move for dismissal on the grounds that the plaintiff failed to join a party under Federal Rule of Civil Procedure 19. Fed. Civ. P. R. 12(b)(7). Rule 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *Mora v. Lowe's Companies, Inc.*, No. 5:19-CV-107, 2020 WL 13441544, at *1 (S.D. Tex. Oct. 4, 2020) (quoting *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003)). Rule 19 "further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *Ameriprise Fin., Inc. v. Bailey*, 3:12-CV-04290-P, 2013 WL 1947475, at *2 (N.D. Tex. May 13, 2013) (quoting *Wingate*, 327 F.3d at 438)).

Under Rule 19(a)(1), there are three ways a party may be required to be joined, if feasible:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating the subject matter of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligation because of the interest.

Fed. R. Civ. P. 19(a)(1); *see also Premium Plastics v. Seattle Specialty Ins. Services, Inc.*, 2012 WL 1029528 (S.D. Tex. Mar. 26, 2012). The party moving for joinder has the initial burden of demonstrating that an absent party is required, and if "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood ex. Rel Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

In determining whether the joinder of a party is required under Rule 19, the Court must apply a two-step inquiry. *Id.* First, the court determines whether an absent party should be joined under the requirements of Rule 19(a)(1). *Id.* If the court determines that an absent party should be joined but cannot be joined, the court turns to Rule 19(b) to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 633. "In its joinder analysis, the court accepts the allegations in the complaint as true." *Broadcast Music, Inc. v. Armstrong*, No. EP-13-CV-0032-KC, 2013 WL 3874082 (W.D. Tex. July 24,

2013) (citing *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, H-11-CV-1846, 2012 WL 1038658, at \*2 (S.D. Tex. Mar. 27, 2012).

## B. Forum Non Conveniens

The doctrine of *forum non conveniens* allows courts to decline jurisdiction "presuppose[ing] at least two forums in which the defendant is amenable to process" and provides the criteria to choose between the two forums. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947). When performing the *forum non conveniens* factor-based analysis, the "ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947). Application of the doctrine should be "rare." *Quackenbush* v. *Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) (citing *Gilbert*, 330 U.S. at 509).

## III. DISCUSSION

### A. Defendants' Motion to Dismiss Under 12(b)(7)

Defendants move to dismiss Plaintiff CGI's First Amended Complaint under Rule 12(b)(7) or, in the alternative, to require Colgate Palmolive, S.A. de C.V. ("Colgate Palmolive"), CGI's parent/affiliate, CGI Logistics, S.A. de C.V., and Rone Transportes to join the lawsuit.[3] (Dkt. No. 7). This challenge is based on the premise that joinder of Colgate Palmolive, CGI Parent, and Rone Transportes is required. (*Id.* at 2). As discussed in the paragraphs below, Defendants fail to meet their burden to

---

[3] CGI Logistics, S.A. de C.V. appears to be the same company that Plaintiff CGI refers to as "its affiliate Cargo Group International Logistics" in its First Amended Complaint. (*See* Dkt. No. 5 at 2; *see also* Dkt. No. 18 at 5).

7

show that the joinder of Colgate Palmolive, CGI Parent, and Rone Transportes is required under Rule 19(a)(1).

### 1. Rone Transportes

Defendants argue that Rone Transportes is required under Rule 19(a)(1)(A) because Rone Transportes is the party that "actually took the cargo from Colgate Palmolive, and allegedly did not deliver the same as supposed. to." (Dkt. No. 7 at 2). Plaintiff CGI argues in response that because Rone Transportes would be a joint tortfeasor, its presence is not required. (Dkt. No. 18 at 4). The Undersigned agrees with Plaintiff CGI.

Rule 19(a)(1)(A) mandates joinder of a person if, in that person's absence, the court cannot accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). "The rule stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or hallow rather than complete relief to the parties before the court." *Canal Ins. Co. V. X-men Transport LLC*, No. EP-13-CV-156-KC, 2013 WL 5740223 (W.D. Tex. Oct. 22, 2013) (citing *Cardinal Health Solutions, Inc. v. Valley Baptist Med. Ctr.*, 1:07-CV-00111, 2008 WL 5191934, at *3 (S.D. Tex. Dec. 8, 2008)). The term complete relief refers "only to the relief between persons already parties, and not as between a party and the absent person whose joinder is sought." *StoneCoat of Texas, LLC v. ProCal Stone Design, LLC,* No. 4:17-CV-00303, 2019 WL 9899507, at 9* (E.D. Tex. Mar. 27, 2019) (citation omitted).

Here, Plaintiff CGI seeks to hold Defendants liable for damages resulting from the Lost Cargo.[4] (*See* Dkt. No. 5 at 8). Fast Logistik removed this action to this Court, asserting that this action arises under federal law because Plaintiff CGI alleges Fast Logistik and Martinez violated Title 49, United States Code, Section 14916. (*See* Dkt. No. 1-1). Because liability under Section 14916 applies jointly and severally, if Fast Logistik and Martinez are found liable, Plaintiff CGI will be able to recover the full amount of damages from Fast Logistik and Martinez. *See* 49 U.S.C. § 14916(d) (liability under Section 14916 applies "jointly and severally to any corporate entity or partnership involved, and to the individual officers, directors, and principals or such entities."). Assuming Rone Transportes was involved in the unlawful brokering of the Lost Cargo, Rone Transportes liability would also apply jointly and severally with Fast Logistik and Martinez. However, it is well established that Rule 19 does not require the joinder of joint tortfeasors. *Nottingham Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987). Thus, Rone Transportes need not be joined simply because it may have been involved in the unlawful brokering of the Lost Cargo.

Accordingly, Defendants fail to show that, in Rone Transportes' absence, the Court cannot accord complete relief among the existing parties.

---

[4] In the First Amended Complaint, Plaintiff CGI states that it tendered "numerous shipments to Fast Logistik, in addition to the lost Cargo" and that "CGI was damaged from Fast Logistik's illegal brokering, because CGI's freight charges were withheld from the cargo owner." (Dkt. No. 5 at 6). However, the Undersigned will only discuss the damages that are discussed in Defendants' motion, and Defendants' motion appears to only discuss the damages resulting from the Lost Cargo. (*See* Dkt. No. 7 at 1 ¶ 2).

## 2. Colgate Palmolive and CGI Parent

Defendants do not argue that Colgate Palmolive and CGI Parent are required under Rule 19(a)(1)(A). Instead, Defendants argue that Colgate Palmolive and CGI Parent are required under Rule 19(a)(1)(B). (Dkt. No. 7 at 1–2). Plaintiff CGI argues in response that Defendants fail to sufficiently support their argument that Colgate Palmolive and CGI Parent are required parties in this lawsuit. (Dkt. No. 18 at 5). For the reasons below, the Undersigned agrees with Plaintiff CGI.

First, there is no indication that either Colgate Palmolive or CGI Parent has claimed an interest in this action. *See Inmobiliaria Axial, S.A. de C.v. v. Robles Int'l Servs., Inc.*, EP-07-CA-00269KC, 2007 WL 2973483, at *4 (W.D. Tex. Oct. 11, 2007) (weighing the fact that the absent party did not seek to join the action and that only the existing defendant advocated joinder against the claim that the absent party had an interest in the action); *Grand Acadian, Inc. v. Flour Corp.*, 2:07 CV 295, 2008 WL 408874, at *2–3 (W.D. La. Feb. 12, 2008) ("It is apparent that the [absent party] is not a necessary party . . . because [it] has not asserted its interest."); *Union Pac. R. R. Co. v. City of Palestine*, 517 F. Supp.3d 609, 620 (E.D. Tex. 2021) ("[T]he fact that an absent party does not seek joinder by its own volition indicates that it lacks an interest relating to the subject matter of the action."). Even assuming Plaintiff CGI plausibly alleges that it is equitably subrogated to Colgate Palmolive and that it was assigned any claims by CGI Parent, Defendants do not cite to any legal authority indicating that their joinder would be required.

Second, Defendants do not adequately explain why, in Colgate Palmolive and CGI Parent's absence, there is a substantial risk that Defendants would incur double, multiple, or inconsistent obligations. Defendants state, "Without Colgate Palmolive, S.A. de C.V., the true and only owner of the allegedly lost cargo, and CGI Logistics, S.A. de C.V., the somehow claimed assignor of the claim, the existing defendants would be left exposed to double or multiple liability." (Dkt. No. 7 at 2). Defendants then state that Plaintiff CGI's claim that it is equitably subrogated to the rights of Colgate Palmolive "is clearly not an outright assignment of any claim by the world true holder of any such claim, leaving existing defendants subject to claims" by Colgate Palmolive. (*Id*.). Absent any further explanation, these statements are conclusory and do not clearly articulate how Defendants would incur double, multiple, or inconsistent obligations if the Court proceeds without Colgate Palmolive and CGI Parent.

Accordingly, Defendants fail to meet their burden to show that Colgate Palmolive, CGI Parent, and Rone Transportes are required under Rule 19(a). Because Defendants did not meet their burden, the Undersigned does not turn to Rule 19(b). *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990) (stating that if joinder is not required under Rule 19(a), then "no inquiry under Rule 19(b) is required.").

### B. Defendants' Motion to Dismiss for Forum Non Conveniens

Defendants move to dismiss Plaintiff CGI's First Amended Complaint on the basis of *forum non conveniens*. (Dkt. No. 9). As discussed in the paragraphs below,

Defendants fail to meet their burden of proof for a dismissal based on *forum non conveniens*.

In resolving a motion to dismiss for forum non conveniens where the alternative forum is a foreign tribunal, the court must determine whether the moving party has demonstrated (1) the existence of an available and adequate alternative forum, and (2) that the balance of relevant private and public interest factors favor dismissal. *Vasquez v. Bridgestone/Firestone*, 325 F.3d 665, 671 (5th Cir. 2003). If the Plaintiff's choice of forum is "out of all proportion to plaintiff's convenience" or if it affects the court's administrative or legal process, the court may exercise its discretion to dismiss the case. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). Defendants have the burden to prove dismissal is warranted, and its burden of persuasion "runs to all elements" of the analysis. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007).

## 1. Adequate and Available Alternate Forum

The threshold inquiry that must be answered before the private and public interest factors come into play is whether an adequate and available alternative forum exists. *Vasquez*, 325 F.3d at 671–72. A foreign forum is available "if the entire case and all parties can come within its jurisdiction" and is adequate if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Id.* at 671.

### (a) *Available*

Defendants argue that an alternative forum is available because they are amenable to process in a Mexican forum. (Dkt. No. 9 at 2–3).  Plaintiff CGI argues in response that it is not amenable to jurisdiction in Mexico "as to Defendants' counter-claims." (Dkt. No. 19 at 8). However, the instant motion concerns Plaintiff CGI's claims, not Defendants' counterclaims. Additionally, Plaintiff CGI's refusal to litigate in the foreign forum as to its own claims does not make the forum unavailable. *See Morales v. Ford Motor Co.*, 313 F.Supp.2d 672, 676 (S.D. Tex. 2004) (explaining that only the availability of the forum, and not plaintiffs' willingness to avail themselves of the forum is relevant to the forum non-conveniens inquiry). Therefore, a forum is available in Mexico. *See Piper*, 454 U.S. at 254 n.22 ("At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum. Ordinarily this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction."); *Gonzalez v. Chrysler*, 301 F.3d 377, 380 n.3 (5th Cir. 2002) ("It is undisputed that Mexico is an amenable forum because the defendants have agreed to submit to the jurisdiction of the Mexican courts.").

### (b) *Adequate*

Defendants argue that the forum is adequate because the parties will not be deprived of all remedies or be treated unfairly as Mexico's transportation law provides adequate remedies for lost or stolen cargo under Title Ten of the Mexican Federal Commerce Code, and the applicable Mexican Federal Civil Code provides adequate remedies for breach of contract in connection with contracts related to

transportation. (Dkt. No. 9 at 3). Plaintiff CGI argues in response that (1) Defendants'
responsibility will be limited to a "tiny fraction of the cargo loss, if any" resulting in
Plaintiff CGI having to pay for Defendants' wrongful conduct; and (2) Defendants
have not provided sufficient evidence to show that Mexico is an adequate forum for
Plaintiff CGI's claims of breach of contract, common law cargo loss, and violations of
federal and state laws and regulations. (Dkt. No. 19 at 8–9).

With respect to Plaintiff CGI's first argument, as long as Plaintiff CGI is not
deprived of any remedy or treated unfairly, the comparable amount of recovery is not
a factor to be addressed by the Court in this case. *See Seguros Comercial Americas
S.A. De C.V. v. Am. President Lines, Ltd.*, 933 F. Supp. 1301, 1308 (S.D. Tex. 1996)
(concluding that Mexico was an adequate alternative forum even though the plaintiff
may not find a substantially comparable remedy there).

With respect to Plaintiff CGI's second argument, the Fifth Circuit only requires
that the defendant "put forth unequivocal, substantiated evidence presented by
affidavit testimony" to enable the district court to address a forum non conveniens
motion. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1550 n.14 (5th Cir. 1991). The
Fifth Circuit does not require that a defendant "submit overly detailed affidavits to
carry its burden." *Id.* at 1550. Here, Defendants include with their motion a
Declaration. (*See* Dkt. No. 9 at 7). The Declaration is signed by Martinez and declares
"under penalty of perjury" that the statements made in the motion, presumably those
regarding the availability and adequacy of a forum in Mexico, "are true and correct."

14

(*Id.*). Martinez is a resident of Mexico and a representative of Fast Logistik, a company engaged in the cargo transportation industry. (*See* Dkt. No. 5).

Therefore, Defendants show that Mexico provides an available and adequate forum.

### 2.  Private Interest Factors

Assuming an adequate and available forum exists, the court must next balance the private interests of the parties. *Vasquez*, 325 F.3d at 672. The important considerations are:

1)  Relative ease of access to sources of proof;

2)  Availability of compulsory process for attendance of unwilling witnesses;

3)  Cost of obtaining attendance of willing witnesses;

4)  Possibility of a view of the premises, if appropriate;[5] and

5)  Other practical problems of conducting trial including ease and expense (e.g., enforceability of a judgment).

*Id.* (citing *McLennan v. Am. Eurocopter Corp., Inc.*, 145 F.3d 403, 424 (5th Cir. 2001)). Unless the balance of factors strongly favors dismissal, "the plaintiff's choice of forum should rarely be disturbed" by the court. *Gilbert*, 330 U.S. at 508.

---

[5] This factor is not discussed in Defendants' motion. (*See* Dkt. No. 9). Additionally, Plaintiff CGI points out in its Response that there is no cargo nor accident site to inspect. (*See* Dkt. No. 19 at 10). Therefore, the Undersigned does not consider this factor in its analysis.

*(a) Ease of Access of Proof*

Defendant argues that this factor weighs in favor of dismissal because Mexico is (1) where the Lost Cargo originated and went missing, and (2) where the real parties in interest and witnesses are located. (Dkt. No. 9 at 3).

Although Mexico provides a significant connection as the location where the Lost Cargo originated and went missing, location alone is not enough. *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 343 (5th Cir. 1999) (stating that the court does not focus solely on the location of the capsizing incident to determine the most convenient location). Plaintiff CGI points out that other than documents pertaining to the value of the Lost Cargo—already produced to Defendants—there does not appear to be any documentary evidence regarding the Lost Cargo. (Dkt. No. 19 at 10). Thus, the lack of documentary evidence in Mexico weighs in favor of the Southern District of Texas as the appropriate forum. *Clough v. Perenco, LLC.*, No. H-05-3713, 2007 WL 2409357, at *3 (S.D. Tex. Aug. 21, 2007) (citing *Webster v. Santa Fe Intern. Corp.*, No. 3:98-CV-1314-D, 1999 WL 20840, at *4 (N.D. Tex. Jan. 12, 1999) (because no showing was made that the documentary evidence was voluminous, that fact favored litigating in the local forum)).

Defendants' assertion that the real parties in interest are located in Mexico is conclusory, and Defendants do not provide the Court with an understanding of which witnesses it considers necessary for particular issues of fact or law. *Webster*, 1999 WL 20840, at *3. Even though it can be reasonably inferred that Martinez may be a material witness in this case, Plaintiff CGI points out that Martinez "offices, serves

as a registered agent, and conducts business in Laredo, Texas." (*See* Dkt. No. 19 at 10). Because it is Defendants' burden on this motion, the deficiency of Defendants' argument weighs against dismissal.

> *(b) Availability of Compulsory Process for Attendance of Unwilling Witnesses and Costs of Obtaining Appearance of Willing Witnesses*

Defendants argue that compulsory process for the attendance of unwilling witnesses such as Colgate Palmolive and Rone Transportes' personnel is available in Mexico but not in the United States, and that the cost of obtaining the presence of willing witnesses will be lower in Mexico than in the United States. (Dkt. No. 9 at 3–4).

Although a detailed witness list is not required, the defendant must provide enough information to "enable the District Court to balance the parties' interests." *Piper,* 454 U.S. at 258. Defendants have not provided enough information about the witnesses they would call to testify, whether the trial was in Mexico or in the Southern District of Texas. *See Alpine View Co. Ltd. V. Atlas Copco AB*, 205 F.3d 208, 222 (5th Cir. 2000) (party challenging dismissal did not identify one individual from whom it would take depositions); *Webster*, 1999 WL 20840 at *5 (party failed to demonstrate the cost of obtaining willing witnesses as it did not identify any of the willing witnesses). Therefore, this factor weighs against dismissal.

> *(c) Other Practical Problems*

Defendants argue trial of this action will be more efficient and less expensive at the place where the Lost Cargo originated and went missing. (Dkt. No. 9 at 4).

Defendants provide no explanation for this assertion. Instead, Defendants go on to argue that a judgment obtained in Mexico will be more easily enforceable because Martinez and Rone Transportes reside in Mexico. (*Id.*). However, Rone Transportes is not a party to this lawsuit, and a judgment in this case would hold Martinez *and* Fast Logistik jointly and severally liable. *See* 49 U.S.C. 14916(d). Meaning that if Martinez and Fast Logistik are found liable, Plaintiff CGI is not restricted to recovering the full value of damages from Martinez. Plaintiff CGI would be allowed to recover the full value of damages from Fast Logistik. Therefore, this factor weighs against dismissal.

Accordingly, the balance of private interest factors weighs against dismissal.

### 3.  Public Interest Factors

The Undersigned next turns to an examination of the public interest factors. Specifically, the public interest factors to be considered include:

1)  Whether trial imposes administrative difficulties, (e.g., court congestion);

2)  Whether the burden of jury duty is imposed on a community with no relation to the litigation or view of the incident;

3)  Whether trial furthers the local interest in having localized controversies decided at home;

4)  Whether the diversity case will be tried in the forum at home with the governing state law;

5)  Accounting for the need to avoid complex foreign law and conflicts of law analyses.

*Vasquez*, 325 F.3d at 673 (citing *McLennan*, 145 F.3d at 424). When considering the public interest factors, the central question a court must answer is whether a general nexus exists with the forum "sufficient to justify the forum's commitment of time and resources." *Seguros*, 933 F. Supp. at 1313.

### (a) Burdening the Jury and Other Administrative Concerns

Defendants argue that the Southern District of Texas is known for its congested docket, and "[l]itigating the case in the United States would force U.S. citizens to serve on the jury even though the United States has no relation to the litigation" because "this case deals with Mexican cargo allegedly lost in Mexico to a Mexican company, through a Mexican Carrier." (Dkt. No. 9 at 4). Plaintiff CGI responds that Texas jurors should adjudicate a contract dispute between Texas companies. (Dkt. No. 19 at 13).

This action involves at least three domestic companies that conduct business in Texas, and one Mexican resident.[6] (*See* Dkt. Nos. 9 at 1; 19-5, 19-6, 19-9). Therefore, there is more than a limited nexus to the Southern District of Texas. *See Seguros*, 933 F. Supp. at 1314 (United States citizens should not be forced to wait behind causes brought by foreign plaintiffs). Additionally, because this action involves only four parties, it will not "absorb [any] more of this court's time than

---

[6] Federal courts have treated motion for *forum non conveniens* dismissals differently depending on whether a United States plaintiff is suing in his own right or suing as an assignee, subrogee, or representative of a foreign company. *Tjontveit v. Den Norske Bank ASA*, 997 F. Supp. 799, 804–05 (S.D. Tex. Mar. 2, 1998). However, at this stage of the proceedings, it appears that Plaintiff CGI is suing in his own right, as assignee of CGI Parent, and as a subrogee to Colgate Palmolive. (*See* Dkt. No. 5 at 1, 4, 7) (alleging that Fast Logistik entered into a written contract with CGI and/or CGI's affiliate" and asserting a breach of contract claim); (*see also id.* Dkt. No. 19 at 10) ("CGI Logistics brings this claim as subrogee").

[would] other cases." *See Zermeno v. McDonnell Douglas Corp.*, 246 F. Supp.2d 646, 662 (S.D. Tex. Feb. 18, 2003) (comparing the circumstances to another cited cases involving 100 foreign plaintiffs). Therefore, this factor weighs against dismissal.

### (b) Local Controversy

Defendants argue that Mexico has an interest in adjudicating the controversy because "[t]he alleged loss or theft occurred in Mexico to a Mexican corporation, by a Mexican motor carrier." (Dkt. No. 9 at 5). As discussed above, both the Southern District of Texas and Mexico have an interest in the case by virtue of the citizenship of the parties. *See Gilbert*, 330 U.S. at 509 (stating that there is a "local interest in having localized controversies decided at home."). Therefore, this factor is neutral.

### (c) Governing Law and the Need to Avoid Complex Foreign Law

Defendants assert that Mexican law governs and a court familiar with Mexico's law should adjudicate the dispute. (*See* Dkt. No. 9 at 5). Defendants do not provide any explanation to support their assertion. (*See id.*). Because the burden on this motion belongs to Defendants, the deficiency of their argument weighs against dismissal.[7]

Accordingly, the balance of public interest factors weighs against dismissal.

---

[7] The Court is not required to determine what law governs prior to ruling on a *forum non conveniens* motion. *Camejo v. Ocean Drilling & Exploration*, 838 F.2d 1374, 1378 (5th Cir. 1988). Therefore, the Undersigned does not decide what law governs this action. Instead, the Undersigned recommends that the parties be ordered to brief the issue by a deadline determined by the Court.

## IV. RECOMMENDATIONS

The Undersigned **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Defendants' Motion to Dismiss for Failure to Join Required Parties. (Dkt. No. 7).

The Undersigned further **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Defendants' Motion to Dismiss for Forum Non Conveniens. (Dkt. No. 9).

## <u>Warnings</u>

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C) (2006); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).

SIGNED this 22nd day of September, 2023.

CHRISTOPHER DOS SANTOS
UNITED STATES MAGISTRATE JUDGE