Case 5:23-cv-00043 Document 35 Filed on 12/01/23 in TXSD Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CGI LOGISTICS, LLC, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-43 |
| | § | |
| FAST LOGISTIK, *et al.* | § | |

# ORDER

Pending before the Court are Defendants' Motion to Dismiss for Failure to Join Required Parties (Dkt. No. 7) and Motion to Dismiss for *Forum Non Conveniens* (Dkt. No. 9). The Court referred these motions to the United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) (Dkt. No. 26). The Magistrate Judge entered an Amended Report and Recommendation ("Amended Report") on September 22, 2023, which recommends that both motions be denied without prejudice (Dkt. No. 31). The Parties timely filed objections to the Amended Report (Dkt. Nos. 32–34).

After a close review of the Amended Report and the Parties' objections, the Court **ADOPTS IN PART** and **MODIFIES IN PART** the Amended Report (Dkt. No. 31). Defendants' Motions to Dismiss for Failure to Join Required Parties (Dkt. No. 7) and for *Forum Non Conveniens* (Dkt. No. 9) are hereby **DENIED WITHOUT PREJUDICE**.

## I.   BACKGROUND

In or around October 2022, Plaintiff Cargo Group International Logistics, LLC ("CGI") and Defendant Fast Logistik USA, LLC ("Fast Logistik") contracted for

1

shipping services (Dkt. No. 5 at 2–3). CGI brokers freight shipments to motor carriers like Fast Logistik for transportation (*id.* at 3).

Pursuant to the CGI-Fast Logistik contract, Fast Logistik would transport several cargo shipments for Plaintiff's customer, Colgate Palmolive (*id.* at 3). The contract required Fast Logistik to (1) refrain from double brokering, and (2) obtain insurance to cover lost or damaged cargo (*id.* at 2–3). Defendant Gerardo Martinez, a representative for Fast Logistik, signed the contact and stated that Fast Logistik would transport the cargo and carry the necessary insurance (*id.* at 2, 4).

Fast Logistik failed to comply with the contract by (1) double brokering shipments to Defendant VGR Logistics LLC ("VGR Logistics") who allegedly went on to hire a different carrier, Rone Transportes S.A. de C.V. ("Rone Transportes"), to deliver the cargo, and (2) failing to obtain insurance (*id.* at 3–4). Rone Transportes subsequently lost three cargo shipments, causing approximately $105,989.32 in damages that Fast Logistik and Martinez refused to pay for (*id.*). Plaintiff compensated Colgate Palmolive for its damages (*id.* at 4). Plaintiff's affiliate, Cargo Group International Logistics ("CGI Parent"), assigned its rights over the cargo damages to Plaintiff (*id.*).

Plaintiff brought suit in state court and Defendants removed the case to federal court in April 2023 (Dkt. Nos. 1–4). Plaintiff sued Defendants as follows:

- Defendant Martinez for fraud and negligent misrepresentation, and unlawful brokerage activity under 49 U.S.C. §§ 13901 and 14916 (Dkt. No. 5 at 5–6);
- Defendant Fast Logistik for fraud and negligent misrepresentation, unlawful brokerage activity, violations of Texas Transportation Code

2

- §§ 646.003 and 646.004, breach of contract, and common law liability (*id.* at 5–7); and
- Defendant VGR Logistics for negligence (*id.* at 8).

On May 11, 2023, Defendants collectively filed the instant Motions to Dismiss for Failure to Join Required Parties, and *Forum Non Conveniens*, which Plaintiff timely responded to (Dkt. Nos. 7, 9, 18, 19).

The Motions were assigned to the United States Magistrate Judge for a Report and Recommendation (Dkt. No. 26). The Amended Report recommended that both motions be dismissed without prejudice (Dkt. No. 31 at 21). All parties filed timely objections to the Amended Report (Dkt. Nos. 32, 34).

## II.  LEGAL STANDARDS

### A. Review of Magistrate Judge's Report and Recommendation

A party who timely files objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections must specifically identify portions of the report objected to and the basis for those objections. Fed. R. Civ. P. 72(b); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, the district court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc) (overruled on other grounds). Findings or recommendations not challenged by objections will be reviewed only for plain error. *U.S. v. Soto*, 734 F. App'x 258, 259 (5th Cir. 2018).

### III. DISCUSSION

**A. Motion to Dismiss for Failure to Join Required Parties**

Under Federal Rule of Civil Procedure 12(b)(7), a defendant may move for dismissal on the grounds that the plaintiff failed to join a party under Federal Rule of Civil Procedure 19. Fed. Civ. P. 12(b)(7). The movant bears the burden of demonstrating that a missing party is necessary. *Id.*; Fed. R. Civ. P. 19. If a party cannot be joined, the court considers several factors to determine whether the case should be dismissed in the party's absence: "(1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed." Fed. R. Civ. P. 12(b)(7). A court deciding a Rule 12(b)(7) motion "must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." *Dozier v. Sygma Network, Inc.*, No. 3:15-CV-2783-B, 2016 WL 949745, at *2 (N.D. Tex. Mar. 14, 2016) (citation omitted).

Defendants argue that this case should be dismissed because Plaintiff failed to join three required parties: (1) Colgate Palmolive, (2) CGI Parent, and (3) Rone Transportes (Dkt. No. 7 at 1–2). Plaintiff, on the other hand, argues that none of these parties are required to litigate this dispute (Dkt. No. 18 at 4–7). Plaintiff is correct.

   1. Colgate Palmolive

Defendants claim that (1) Colgate Palmolive has a legally protected interest in the outcome of the litigation, and (2) proceeding without this absent party would

4

subject defendants to a substantial risk of incurring multiple or inconsistent obligations (Dkt. No. 7 at 1–2). Plaintiff argues that Colgate Palmolive no longer has a protected interest—while it *was* the original cargo holder, it equitably subrogated its interest to Plaintiff by withholding payment for the lost cargo (Dkt. Nos. 5 at 4, 18 at 5–6). Because Plaintiff is seeking recovery for the same damages, it is Plaintiff, rather than Colgate Palmolive, that has the protected interest in the outcome of the suit (Dkt. No. 18 at 6). Further, Plaintiff correctly notes that Defendants have not established what inconsistent obligations, if any, would arise from Colgate Palmolive's absence in the suit (*id.* at 20).

In its objections to the Amended Report, Defendant VGR Logistics argues that Plaintiff has failed to provide proof of the subrogation, such as a binding surety agreement (*see* Dkt. Nos. 32 at 7, 33 at 4). But a surety agreement is not a requirement for subrogation to occur. *Paymentech, L.L.C. v. Landry's Inc.*, 60 F.4th 918, 929–30 (5th Cir. 2023) (stating that equitable subrogation is "the doctrine by which a party, after having paid the losses of another party, obtains that party's rights and remedies against the third party that [wrongfully] caused the loss."). Thus, the Court's concern is whether the Plaintiff has paid losses attributable to a different party's wrongful conduct.

Here, Plaintiff alleges that the cargo was lost due to Defendants' conduct— illegal brokering, failure to transport shipments or obtain insurance, among other breaches (Dkt. No. 5 at 5–8). Plaintiff has also alleged that Defendants refused to pay Colgate Palmolive for the lost cargo (*id.* at 4). Thus, Plaintiff has sufficiently alleged

5

wrongdoing on the Defendants' part and connected the wrongdoing to the lost cargo Plaintiff paid for. The Court must accept Plaintiff's well-pleaded allegations. *See Dozier*, 2016 WL 949745, at *2.

Moreover, the Court may consider whether Colgate Palmolive is interested in joining the suit. *See Union Pac. R. R. Co. v. City of Palestine*, 517 F. Supp. 3d 609, 620 (E.D. Tex. 2021) ("[T]he fact that an absent party does not seek joinder by its own volition indicates that it lacks an interest relating to the subject matter of the action.") (citation omitted). Here, Colgate Palmolive has not sought joinder, nor is there any other indication that it has an active interest in the dispute.

Accordingly, because Plaintiff has sufficiently alleged equitable subrogation and there is no evidence that Colgate Palmolive is interested in joining the suit, the Court finds that Colgate Palmolive is not a required party. Defendants' objections as to this party are **OVERRULED**.

    2. CGI Parent

Like with Colgate Palmolive, Defendants argue that CGI Parent has a legally protected interest in the outcome of the litigation, and (2) proceeding without this absent party would subject defendants to a substantial risk of incurring multiple or inconsistent obligations (Dkt. No. 7 at 1–2).

However, Plaintiff alleges that it was assigned any rights of its affiliate group, CGI Parent (Dkt. No. 5 at 4). Defendants have not set forth evidence to refute this claim. Moreover, CGI Parent has not sought to join the suit. Thus, the Court finds

6

that CGI Parent is not a required party. Defendants' objections as to this party are **OVERRULED**.

### 3. Rone Transportes

Defendants argue that Rones Transportes is a required party because it is the party that "actually took the cargo . . . and allegedly did not deliver the same as supposed to" (Dkt. No. 7 at 2). Assuming, without finding, that Rone Transportes's conduct also contributed to the cargo loss damages, it would be a joint tortfeasor. It is well settled that Rule 19 does not require joinder of joint tortfeasors. *Nottingham Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987). Defendants' objections as to this party are **OVERRULED**.

### 4. Conclusion

Because Colgate Palmolive, CGI Parent, and Rone Transportes are not required parties, the Court **ADOPTS** the Magistrate Judge's recommendation and **DENIES** Defendants' Motion to Dismiss for Failure to Join Required Parties (Dkt. No. 7).

## B. Motion to Dismiss for *Forum Non Conveniens*

Under the *forum non conveniens* doctrine, a defendant may move for dismissal on the grounds that a foreign forum is better suited to adjudicate the dispute. *See Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir. 2001). Federal courts employ a two-part inquiry when applying the *forum non conveniens* doctrine in the international context. *See Piper Aircraft v. Reyno*, 454 U.S. 235, 255–56 (1981). First, the court determines whether an adequate and available foreign forum exists. *See*

*Sydow v. Acheson & Co.*, 81 F. Supp. 2d 758, 768 (S.D. Tex. 2000). Second, if such a forum is available, the court must decide whether "certain private and public interest factors weigh in favor of dismissal." *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 424 (5th Cir. 2001).

The defendant bears the burden of proving that dismissal on *forum non conveniens* grounds is warranted. *Houston Helicopters, Inc. v. Canadian Helicopters Ltd.*, 901 F. Supp. 1225, 1232 (S.D. Tex. 1995). Generally, there is a strong presumption in favor of a plaintiff's choice of forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). This means dismissal is appropriate only if "trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper*, 454 U.S. at 249.

### 1. Adequate and Available Forum

To determine whether an alternative forum is adequate and available, courts look at whether (1) defendant is amenable to process in the other jurisdiction, and (2) an adequate remedy is available in the alternative forum. *Karim*, 265 F.3d at 268.

Here, Defendants are amenable to process in Mexico, and assert that Mexico's Federal Commerce and Civil Codes provide adequate remedies for lost cargo and transportation contract breaches (Dkt. No. 9 at 2–3). Plaintiff disagrees, arguing that the relevant regulations there are inadequate because they calculate cargo loss damages at around three cents per pound for shipments weighing 200 kilograms or more (Dkt. No. 34 at 1–2) (citation omitted). Because Plaintiff cannot recover "the

actual value" of the cargo, it contends that this remedy is insufficient, and Mexico is an inadequate forum (*id.* at 3).

But an alternative forum is adequate if "the parties will not be deprived of *all* remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003) (emphasis added) (finding Mexico an adequate forum despite limits on damages). Changes in law receive substantial weight only if the alternative remedy is "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper*, 454 U.S. at 254. The comparable amount of recovery in the alternative forum "has never been considered a factor relevant to the *forum non conveniens* inquiry." *Neo Sack, Ltd. v. Vinmar Impex, Inc.*, 810 F. Supp. 829, 834 (S.D. Tex. 1993). There is no evidence that Plaintiff will be deprived of all remedies or be treated unfairly in Mexico. Plaintiff's objection as to damages is therefore **OVERRULED**.

Accordingly, because Defendants are amenable to process in Mexico and Mexican law provides remedies for Plaintiff's claims, the Court finds that Mexico is an adequate and available alternative forum.

### 2. Private Interests

The private factors to be considered in a *forum non conveniens* analysis relate to the parties' convenience, and include:

- relative ease of access to sources of proof;
- availability of compulsory process for attendance of unwilling witnesses;
- cost of obtaining attendance of willing witnesses;
- possibility of viewing the premises, if such viewing would be appropriate to the action;

- other practical problems that make a trial of a case easy, expeditious, and inexpensive;
- enforceability of judgment; and
- whether the plaintiff has sought to vex, harass, or oppress the defendant.

*See Karim*, 265 F.3d at 268 n. 14 (citations omitted).

Here, Defendants argue that the private interest factors support dismissal because the cargo originated from and was lost in Mexico, meaning any relevant proof and witnesses would be easier to obtain there (Dkt. No. 9 at 3–4). Moreover, they contend that a judgment obtained in Mexico will be easier to enforce because Defendant Martinez and Rone Transportes reside in Mexico (*id.* at 4).

However, the Amended Report correctly identified that the pleadings do not indicate that there are voluminous records available, meaning ease of access to sources of proof does not support dismissal (Dkt. No. 31 at 16). Similarly, Defendants do not identify any witnesses in Mexico, so the alleged ease of obtaining witnesses also does not warrant dismissal. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 222 (5th Cir. 2000) (party challenging dismissal failed to identify any individuals it intended to depose).

Moreover, as discussed above, Rone Transportes is not a current or required party in this suit, so it would not be a party to this judgment. Thus, the relative ease of enforcing a judgment against Rone Transportes in Mexico is not a relevant consideration.

Accordingly, the Court finds that the private interest factors do not support dismissal in this case.

3. Public Interests

The public interest factors to be considered in a *forum non conveniens* analysis include:

- administrative difficulties;
- reasonableness of imposing jury duty on the community;
- holding the trial in the view of those affected; and
- the local interest in having localized controversies decided at home.

*See Karim*, 265 F.3d at 268 n. 14 (citations omitted).

Defendants argue that the public interest factors support dismissal. They say Mexico has a greater interest in adjudicating the controversy because the cargo loss occurred there and involved Rone Transportes, a Mexican carrier (Dkt. No. 9 at 4–5). Furthermore, they note that the Southern District of Texas has a congested docket, so the administrative burden would be greater here than in Mexico (*id.* at 4).

However, the Amended Report correctly recognized that (1) this dispute involves at least three domestic companies conducting business in Texas, and (2) Plaintiff alleges that the cargo was to be delivered to Laredo, Texas meaning there is a "more than limited nexus" to this district (Dkt. No. 31 at 19). The Amended Report reasoned that, based on the citizenship of the parties, both the Southern District of Texas and Mexico have an interest in adjudicating this dispute, meaning the local interest factor is neutral (*id.* at 20).

Defendant VGR objected to the Amended Report's finding on the public interest factors (Dkt. No. 32 at 5–6). It argues that the destination for the cargo was Nuevo Laredo, Mexico, rather than Laredo, Texas, as alleged by Plaintiff (Dkt. Nos. 32 at 6–7, 19 at 3). Defendant VGR points to invoices from Rone Transportes and

other statements in support of this position (*id.*). However, in its response to Defendants' motion to dismiss for *forum non conveniens*, Plaintiff alleged that the cargo was to be delivered to Laredo, Texas, and submitted shipping documents confirming this (Dkt. Nos. 19 at 6, 19-4). Because the Court is bound to take Plaintiff's well-pleaded allegations as true, Defendant's objection is **OVERRULED**.

Further, as Plaintiff noted in its objections, the causes of action in this case pertain to more than the three lost shipments (Dkt. No. 34 at 2). Plaintiff has raised fraud, misrepresentation, and state and federal law violations, among other claims, against Defendants (Dkt. No. 5 at 5–8). Defendants VGR and Fast Logistik are located in Laredo, Texas, and Defendant Martinez conducts business here as well (Dkt. No. 19 at 9–10). This further strengthens the local interest in adjudicating this dispute. *See Prevision Integral de Servicios Funerarios, S.A. v. Kraft*, 94 F. Supp. 2d 771, 781 (W.D. Tex. 2000) ("[T]he United States and Texas have very strong interests in adjudicating Plaintiffs' contentions that Defendant violated Texas laws by using instrumentalities of United States commerce[.]"). Therefore, Plaintiff's objection as to the causes of action is **SUSTAINED** and the Amended Report's finding that the local interest factor is neutral is **MODIFIED**.

Accordingly, the Court finds that the public interest factors do not favor dismissal in this case.

### 4. Conclusion

Defendants have not established that litigating this dispute in the Southern District of Texas would impose a heavy burden upon them, nor do the *forum non*

*conveniens* factors, on balance, favor dismissal. Therefore, the Court **ADOPTS** the Magistrate Judge's recommendation and **DENIES** Defendant's Motion to Dismiss for *Forum Non Conveniens* (Dkt. No. 9).

## IV.   CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** and **MODIFIES IN PART** the Magistrate Judge's Report and Recommendation (Dkt. No. 31). Defendants' Motions to Dismiss for Failure to Join Required Parties (Dkt. No. 7) and for *Forum Non Conveniens* (Dkt. No. 9) are hereby **DENIED WITHOUT PREJUDICE**[1].

It is so **ORDERED**.

**SIGNED** December 1, 2023.

_____
Marina Garcia Marmolejo
United States District Judge

---

[1] In its objections, Plaintiff argues that the motions should be denied with prejudice instead because of Defendants' alleged bad faith behavior (Dkt. No. 34 at 2–3). Generally, however, a motion to dismiss is denied with prejudice only if the motion is clearly defective. *See, e.g, Williams v. Cockrell*, No. 3:01-CV-0240-P, 2001 WL 1543853, at *3 (N.D. Tex. Nov. 30, 2001) (recommending that a motion to dismiss for untimely filing be denied with prejudice because plaintiff's petition was filed on time). Because Defendants' motions contain substantive arguments and were not clearly defective, this objection is **OVERRULED**.